BETHLEHEM SHIPBUILDING CORPORA-
TION, Limited, et al. v. MONAHAN,
Deputy Com'r., et al.

No. 2739.

Circuit Court of Appeals, First Circuit.

Dec. 17, 1932.

La Rue Brown, of Boston, Mass. (Elias Field, Richard H. Field, and Brown, Field & McCarthy, all of Boston, Mass., on the brief), for appellants.

Raymond F. Barrett, of Boston, Mass. (William J. Holbrook, of Boston, Mass., on the brief), for appellee Leon E. Simpson.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is a suit to enjoin the enforcement of a compensation order made under the Longshoremen's and Harbor Workers' Compensation Act (33 U. S. C. § 901 et seq. [33 USCA § 901 et seq.]). In the District Court the plaintiffs contended that the entire award of the Deputy Commissioner was not in accordance with law, in that (1) there was no evidence before him to justify his finding that the employer neglected to furnish medical treatment to its employee, Simpson; and (2) that the general finding of the Commissioner that the employer neglected to furnish medical treatment was inconsistent with his specific findings.

The District Court found and ruled that the compensation order was in accordance with law in so far as it awarded Simpson compensation for medical services of Dr. Ryan, the services furnished at the Weymouth Hospital, and the services of the nurse, Mrs. Campbell, but was not to the extent that it required the plaintiffs to pay for the surgical services of Dr. Brown, and enjoined the enforcement of the order in the latter respect only. It is from this decree in so far as it upheld the order of the Commissioner that this appeal is taken.

The question presented relates to the liability of the plaintiffs under section 7(a) of the act, 33 U. S. C. § 907 (a), 33 USCA § 907(a), for the services in question.

The facts as found by the Commissioner are: That on March 14, 1931, Simpson, while employed by the shipbuilding corporation, received an occupational injury to the thumb on his left hand necessitating amputation of a portion of it; that the plaintiffs furnished medical treatment by Drs. McCausland and Burke until April 11, 1931; that on that day, Saturday, at about 2 o'clock p. m., Simpson went to Dr. McCausland for treatment, complaining of severe pain in the left arm; that Dr. McCausland examined him and found red streaks extending up the arm, which condition he diagnosed as lymphangitis; that he applied hot bandages and directed the patient to go home and put hot dressings on the thumb every two hours; that Dr. McCausland then told Simpson he would be absent from home until the following Monday and advised that, if the treatment did not give relief, to get in touch with Dr. Burke or Dr. Jones, the plant physicians for the employer; that Simpson followed the instructions, but did not obtain any relief and about 8 o'clock on the same day he went for advice to the home of Dr. Mitchell, first-aid man at the plant of the employer; that Mitchell declined to treat him, but told him to follow the directions of Dr. McCausland, and, if he did not get relief, to get in touch with Dr. Burke or Dr. Jones; that later that evening, the pain became more intense, the red streaks wider, and swelling developed in the left auxilliary glands; that thereupon an effort was made in Simpson's behalf to secure the services of Dr. Burke and Dr. Jones, but without success in either case; that an emergency existed; that immediate medical attention was necessary to prevent the spread of the infection in Simpson's left arm and his possible death; and that the employer neglected to furnish such medical attention; that in this situation Dr. Ryan, Simpson's own physician, was called at about 11 p. m. that night to attend him; that when Dr. Ryan arrived Simpson was in a serious condition, suffering from blood poisoning, and was ordered immediately to the Weymouth Hospital, where he remained from April 11 to April 26, 1931; that Dr. Ryan found it necessary to consult Dr. Brown, a surgeon; that on April 16, 1931, Dr. Brown saw Simpson at the Weymouth Hospital, found a septic condition, and removed several crusts over the thumb of the left hand and also removed an embedded suture. Also that the services of Dr. Ryan, Dr. Brown, the facilities at the Weymouth Hospital, and the services of the nurse were necessary; that these doctors furnished the employer and the Deputy Commissioner a proper report within twenty days following the first treatment; and that the bills of the doctors, the hospital, and the nurse were reasonable.

The evidence before the Commissioner discloses that the plaintiff knew of Simpson's injury; that they had been requested to furnish medical and surgical assistance, and that they had furnished it down to the afternoon of April 11; that then Dr. McCausland, the physician and surgeon in charge, went away without arranging with Dr. Burke or Dr. Jones to attend the patient, and at a time when he had reason to believe that the patient was liable to need their attention, but left it upon Simpson to get in touch with Dr. Burke or Dr. Jones; and that soon thereafter, on that day, his condition became critical, requiring immediate attention. The claimant's evidence shows that while he was in

this critical condition, suffering pain, his wife sent her brother to a nearby grocery store to call one of these doctors over the telephone, but that neither one was at home and it was unknown when they would return home or where they were; that in this extremity Dr. Ryan was called at about 11 p. m., and on his arrival, the claimant being in a serious condition, suffering from blood poisoning, the doctor ordered him taken to the hospital. In this situation it cannot reasonably be said that there was no evidence from which it could be found that the plaintiffs had neglected to provide the necessary medical treatment and care for the claimant. Moreover, it appears that when the plaintiffs, on April 14, objected to the employment of Dr. Brown and endeavored to have Dr. Ryan select a doctor from one of three that they named to perform the necessary surgical operation, they raised no objection to the services rendered or reasonably necessary to be rendered by Dr. Ryan or the nurse or to the facilities afforded by the hospital, but recognizing their failure, impliedly assented thereto. The evidence not only warrants a finding that the plaintiffs had neglected to provide necessary medical attention and care, but, having done so, they assented to the rendition of services by Dr. Ryan, the use of the hospital, and the services of the nurse.

The general finding of the Commissioner —that the employer neglected to furnish medical treatment—is not inconsistent with his special findings or they with it.

The decree of the District Court is affirmed, with costs to the appellee Leon E. Simpson.